UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| REDWALL LIVE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:13-cv-01849-SEB-DML |
| | ) | |
| ESG SECURITY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTIONS TO DISMISS

This cause is before the Court on two motions: (1) Plaintiff Redwall Live Corporation's Voluntary Motion to Dismiss [Docket No. 40], filed on July 18, 2014 pursuant to Federal Rule of Civil Procedure 41; and (2) Defendant ESG Security, Inc.'s Motion to Dismiss [Docket No. 41], filed on July 29, 2014 pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41.[1] For the reasons and in the manner explained below, the motions are GRANTED—partly with prejudice and partly without prejudice.

## Factual and Procedural Background

Plaintiff Redwall Live Corporation ("Redwall") is an Indianapolis consulting and design services firm engaged in the business of "strategic branding" and advertising. Am. Compl. ¶¶ 5, 7. Defendant ESG Security ("ESG"), also based in Indianapolis, provides security services and professional staff in the entertainment and hospitality industries. *Id.* at ¶ 6.

---

[1] Defendant's primary argument engages Plaintiff's voluntary motion to dismiss under Rule 41. Since Defendant also moves, in the alternative, to dismiss the entire Amended Complaint with prejudice, a Rule 12(b)(6) motion is at least implicit.

1

In June 2012, ESG engaged Redwall to "revamp its brand." *Id.* at ¶ 8. Pursuant to this contract, on which ESG made a $6500 down payment in July 2012, Redwall began preparing design for a new corporate logo and other imagery that was to appear on business cards, letterhead, envelopes, a new website, and promotional materials like printed brochures. *Id.* at ¶¶ 10–12, 16. By October 2012, ESG had approved Redwall's preliminary design concepts for a new website, letterhead, and envelope designs. *Id.* at ¶¶ 17–19. These design concepts never reached the final stage, however, because around November 2012 ESG stopped accepting deliverables from Redwall; Redwall maintains that at the time that the contractual relationship broke down, "nearly all of the agreed upon items from the comprehensive design plan [had been] completed by Redwall and . . . only a few approvals from ESG [were] outstanding." *Id.* at ¶ 21. According to Redwall, a balance of $12,543.97 remains unpaid for its services rendered to ESG. *Id.* at ¶ 29.

ESG asserts that it began using the new corporate logo devised by Redwall—referred to by Redwall as the "Derivative Work"— shortly after it was delivered in the fall of 2012. Docket No. 42 at 2 (citing Docket No. 30, Exs. D, E). Some six months later, in May 2013, Redwall registered the Derivative Work as Registration No. VA1-874-872 with the United States Copyright Office. Am. Compl. ¶ 25. Redwall registered a variation on this design (as the "Third Derivative Work") around the same time. *Id.* at 26.

Redwall filed suit against ESG on November 25, 2013, asserting a copyright infringement claim under federal law, as well as state-law contract and unjust enrichment claims. *See* Docket No. 1. After ESG sent Redwall a letter asserting that the copyright claim lacked a viable basis because the material in question had been produced for hire and delivered to ESG, Redwall filed a supplementary registration with the Copyright Office in January 2014 to identify

the Derivative Work and Third Derivative Work as, jointly, constituting a "derivative work or compilation" based on the ESG logo. *Id.* at 27; Docket No. 42 at 2. In exchanges of documents pursuant to this suit, Redwall has asserted that it never delivered a "final" logo to ESG, that the company never intended to deliver such a logo, and that any delivery that did occur was unauthorized by the company. In response, ESG has pointed to evidence that Redwall did, in fact, deliver a logo to ESG in a number of formats—and never communicated to ESG that it had any intention of placing restrictions on the logo's use. *See* Docket No. 42 at 3.

After the Court granted it leave to do so, Redwall filed an Amended Complaint on April 8, 2014. While discovery was still in its initial stages and before either party had moved for summary judgment, however, Redwall moved for voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Docket No. 40. Shortly thereafter, ESG moved to dismiss the Amended Complaint with prejudice or, in the alternative, without prejudice upon the condition that Defendant be awarded attorneys' fees. Docket No. 41.

## **Legal Analysis**

The most salient feature of the parties' motions is that they desire the same outcome: the dismissal of Redwall's Amended Complaint. Their remaining disagreements concern how the Court should do so, and why.

Redwall seeks voluntary dismissal—without prejudice—under Rule 41. In doing so, it explains that the suit is simply no longer worth pursuing, and it draws a distinction between its federal and state claims. Redwall explains its motives thus: "Although Redwall filed claims for copyright infringement, it principally wanted to be paid for the services it had rendered to ESG, including development of ESG's new logo and website, and if it wasn't going to receive payment, Redwall wanted ESG to stop using Redwall's copyrighted works." Pl's Br. ¶ 8. Since

3

ESG has not proved cooperative in resolving the matter to its satisfaction, Redwall now asserts that the game is not worth the candle. "Redwall has determined that, regardless of the merits of its claims, it does not make economic sense to continue to pursue its action against ESG. The amount of money involved is not significant . . . and the amount of legal fees incurred and that will continue to be incurred do not justify continuing . . . . The only beneficiaries from continuing this litigation are the lawyers." *Id.* at ¶ 11.

ESG is not content to let the matter rest so easily. "Because Redwall sought statutory damages, injunctive relief, and attorneys' fees under the Copyright Act," ESG asserts, ESG "incurred substantial expense in preparing its defenses and counterclaims. . . . ESG is entitled to be compensated for the unnecessary expenses it has incurred to defend itself against Redwall's claims, which it now states are not worth pursuing." Docket No. 42 at 5. ESG therefore contends that the Amended Complaint should be dismissed with prejudice, rendering ESG the prevailing party under Section 505 of the Copyright Act and enabling it to collect reasonable attorneys' fees to make it whole for its unnecessary expense. *Id.* at 11.

Two threads emerge from these conflicting arguments. First, Redwall seeks to escape from court; while implicitly conceding the groundlessness of its copyright claim, it nonetheless seeks to preserve for itself the option of bringing its state-law contract claims in state court. Second, ESG demands recompense for its trouble in defending a copyright claim that, it insists, was futile from the beginning. We believe that the parties' desires can be partially reconciled, and the interests of justice and judicial efficiency best served, by granting each party's motion in part. As we explain further below, we therefore grant ESG's motion for dismissal with prejudice with respect to the federal copyright claim and grant Redwall's motion for voluntary dismissal without prejudice as to the remaining state-law claims.

I.  **Legal Standard**

Federal Rule of Civil Procedure 41(a)(2) provides that, after service of an answer or motion for summary judgment, an action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). The district court therefore enjoys wide discretion in considering Rule 41 motions, and the plaintiff bears the burden of persuasion. *See Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994) (citing *F.D.I.C. v. Knostman,* 966 F.2d 1133, 1142 (7th Cir. 1992)).

If a court grants a motion for voluntary dismissal, its discretion extends to deciding whether or not to grant the plaintiff dismissal without prejudice. The Seventh Circuit has ruled that courts should not grant dismissal without prejudice if the defendant would suffer "plain legal prejudice" as a result of such a decision. *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988); *In re Bridgestone Firestone Prods. Liability Litig.,* 199 F.R.D. 304, 306 (S.D. Ind. 2001). In determining whether a defendant would suffer plain legal prejudice, we consider four factors: (1) the defendant's effort and expense of preparation for trial; (2) whether there has been excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) the sufficiency of the plaintiff's explanation for the need to take a dismissal, and (4) whether the defendant has filed a motion for summary judgment. *Knostman,* 966 F.2d at 1142; *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

II.  **Application to Plaintiff's motion**

Here, there is no dispute that Redwall filed its motion to dismiss before ESG had moved for summary judgment. Pl.'s Br. ¶ 7. Neither does ESG contend that Redwall has engaged in unnecessary delay or manifested any particular failure of diligence. *Cf. F.D.I.C.,* 966 F.2d at

1142. As for the remaining two factors, we conclude that they weigh in ESG's favor with respect to the copyright claim, and in Redwall's favor with respect to the other claims.

**A. Effort and expense in preparation for trial**

Courts may determine that dismissal with prejudice is appropriate where a case has been pending for a considerable time and discovery had been completed, *see Tolle*, 23 F.3d at 177, or where the record shows that the defendant has expended considerable resources on preparation for trial or dispositive motions. *See RSR Corp. v. Avanti Dev. Inc.*, 2000 WL 1448655, at *3 (S.D. Ind. Jul. 20, 2000).

Here, ESG states that it has made a number of efforts to convince Redwall of the futility of its copyright claim and to prepare a defense on the issue: several letters to Plaintiff's counsel, Def.'s Ex. 13; a motion for judgment on the pleadings, Docket No. 19; arguments concerning the futility of amending the complaint, Docket Nos. 26, 27; interviewing key witnesses and sending the resulting declarations to Redwall, Def.'s Exs. 1, 2; responses to interrogatories; and preparation for depositions. Def.'s Br. 7–8. As the content of these exhibits and the thrust of ESG's briefing makes clear, ESG's efforts in defending this suit were predominantly, if not wholly, directed towards the claim for copyright infringement. We thus agree with ESG that—with respect to the copyright issue—it would be inequitable to allow Redwall to "take a voluntary nonsuit and start over." *Cf. McCall-Bey v. Franzen,* 777 F.2d 1178, 1184 (7th Cir. 1985). Such equitable concerns apply with considerably less force, however, to the state law claims which have thus far not been the focus of the parties' disputes or pre-trial efforts.

**B. Redwall's explanation for seeking dismissal**

As we have already noted, Redwall justifies its motion for voluntary dismissal on the grounds that continuing the suit is not cost-effective. As both sides acknowledge, the contract

6

amount in controversy is scarcely $12,000—an amount that pales in comparison to the legal fees generated by any significant litigation. *See* Am. Compl. ¶ 29; Def.'s Br. 9. Moreover, as ESG has demonstrated and Redwall has implicitly conceded, ESG's alleged copyright infringement began before Redwall ever registered any of its "derivative work" copyrights. Redwall's claim for statutory damages or attorneys' fees under the Copyright Act is therefore futile. *See* 17 U.S.C. § 412.[2]

As ESG rejoins, however, Redwall should have known all this from the beginning of the suit. Indeed, the most rational reading of Redwall's conduct is that it included a copyright claim not only to open the door to federal jurisdiction[3], but as leverage in obtaining what it really wanted: full payment under its contract with ESG. As we have seen, Redwall has admitted as much: "Although Redwall filed claims for copyright infringement, it principally wanted to be paid for the services it had rendered to ESG." Pl.'s Br. ¶ 8. Redwall's explanation for seeking dismissal *now* is thus hardly compelling with respect to its copyright claim; allowing it to withdraw without any *res judicata* consequences would be to reward its gamesmanship. *See Riviera Distribs., Inc. v. Jones,* 517 F.3d 926, 927–928 (7th Cir. 2008) (affirming grant of dismissal with prejudice under Rule 41, and an attorneys' fees award to defendant, where plaintiff "conceded that it lacked the evidence to prove its claim, though hoping to acquire better evidence in the future").

### III.     Conclusion

---

[2] If ESG's use of the corporate logo were not licensed, then actual damages might be recoverable. However, Redwall has implicitly conceded ESG's point that ESG's use of the logos was, in fact, licensed. *See* Pl.'s Reply at 6 ("Copyright ownership is comprised of a bundle of rights; in granting a nonexclusive license . . . [Plaintiff] has given up only one stick from the bundle—the right to sue.") (citing *Effects Assocs., Inc. v. Cohen,* 908 F.2d 555, 559 (9th Cir. 1990)).

[3] Both parties are Indiana-based corporations.

7

In ruling on a motion to dismiss under Rule 41, the court's exercise of discretion in attaching conditions to a dismissal is "the quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of *res judicata* from bringing the same suit again." *McCall,* 777 F.2d at 1184. Redwall has emphasized here that its chief aim in bringing this suit was to make itself whole with respect to its consulting contract with ESG—and its chief aim in withdrawing its complaint is to preserve its state-law claims. We shall allow Redwall to walk away with its state-law claims intact, but we dismiss its copyright claim with prejudice. ESG is the "prevailing party" on the copyright claim, and is thus presumptively entitled to attorneys' fees for the litigation of that claim under 17 U.S.C. § 505 and relevant Seventh Circuit precedent. *See Riviera,* 517 F.3d at 928 ("Midwest obtained a favorable judgment. That this came about when Riviera threw in the towel does not make Midwest less the victor than it would have been had the judge granted summary judgment or a jury returned a verdict in its favor. Riviera sued; Midwest won; no more is required.").

Plaintiff's motion to dismiss is therefore GRANTED. Count I of the Amended Complaint, alleging copyright infringement, is dismissed WITH PREJUDICE; Counts II, III, and IV are dismissed WITHOUT PREJUDICE.[4] Defendant concedes that, with the dismissal of Plaintiff's copyright claim, its counterclaims for declaratory judgment of copyright invalidity, noninfringement, implied license, and co-authorship are moot and thus subject to dismissal. *See* Def.'s Br. 10 (citing *Mostly Memories, Inc. v. For Your Ease Only, Inc.* 526 F.3d 1093, 1098 n.1 (7th Cir. 2008)). We therefore DISMISS Defendant's Counterclaim Counts I, II, III and IV as well.

---

[4] Defendant's parallel motion to dismiss with prejudice [Docket No. 41] is thus granted as to Count I and denied as moot with respect to the other counts.

As a consequence of this order, all that remains before us are Defendant's two state-law counterclaims: Count V for breach of contract and Count VI for abuse of process. Defendant has represented to the Court that it intends to stipulate to the dismissal of those two counterclaims given our other rulings. Def.'s Br. 10 n.3. When it does so, the Court will dismiss the suit in its entirety and enter judgment. Because no federal question remains and the parties are non-diverse, Plaintiff may pursue its still viable contract claims in state court, if it chooses to do so.

IT IS SO ORDERED.

Date: 2/24/2015

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven G. Cracraft
BRANNON SOWERS & CRACRAFT PC
scracraft@bscattorneys.com

Alastair J. Warr
KRIEG DEVAULT LLP
awarr@kdlegal.com

Jennifer K. Gregory
KRIEG DEVAULT LLP
jgregory@kdlegal.com